UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT E. MALLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-8 |
| CHICAGO FITNESS PARTNERS, LLC d/b/a TOP FITNESS, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery [DE 19] filed by the plaintiff, Robert E. Maller, on November 1, 2023. For the reasons below, the Motion to Compel [DE 19] is **GRANTED in part** and **DENIED in part**.

*Background*

The plaintiff, Robert E. Maller ("Maller") filed this matter on January 10, 2023, against the defendant, Chicago Fitness Partners, LLC, ("Top Fitness"), his former employer, alleging that Top Fitness violated both Federal and Indiana state law when it terminated his employment on May 4, 2022. Maller alleges that Top Fitness terminated his employment based on his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and because of his religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Maller also claims that Top Fitness violated the Fair Labor Standards Act ("FLSA"), and the Indiana Wage Claims Statute, by not paying him overtime when required.

During discovery, a dispute arose regarding several Interrogatories and Requests for Production ("RFP") that Maller sent to Top Fitness. Despite their efforts, the parties were unable

to amicably resolve their dispute. As a result, Maller filed the instant motion requesting that the court order Top Fitness to:

(1) Respond to Interrogatories Nos. 4, 6, 9; and

(2) Produce all documents related to Maller's Request for Production of Document Nos. 13, 14, 15, and 16.

Top Fitness filed a response on November 15, 2023. [DE 22]. Maller replied on November 18, 2023. [DE 23]. Thus, this motion is ripe for review.

## *Discussion*

Under **Federal Rule of Civil Procedure 26(b)(1),** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978) (citing ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947)). "Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard." ***Yessenow v. Hudson***, 270 F.R.D. 422, 426-27 (N.D. Ind. 2010) (citation omitted).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* **Federal Rule of Civil Procedure 37(a)(2)-(3).** The party objecting to the discovery request bears the burden of showing why the request is improper. *See* ***McGrath v. Everest Nat'l Ins. Co.***, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The court has broad discretion when determining matters related to discovery. ***Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning***

2

*Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).

### A. Interrogatory No. 4

According to Maller, he has a right to discover information and documents regarding previous employment discrimination and wage and hour claims made against Top Fitness. To that end, Maller's Interrogatory No. 4 seeks the following information:

> For the time period from January 1, 2018 to the date of your answer to this Interrogatory, please provide the following information with respect to each and every person who has filed a Complaint against you either with the Equal Opportunity Employment Commission, in any state court, or in Federal Court, for employment discrimination and/or retaliatory discharge of any kind, making certain to include complaints of employment discrimination, or complaints pursuant to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 and any Indiana wage statute:
> a. Name and address;
> b. Position held with the Defendant;
> c. Date of such claim;
> d. Agency or Court with which the Complaint was filed (i.e. Federal Court, EEOC, etc.);
> e. Any applicable cause number and/or claim number;
> f. Briefly describe the nature of such claim;
> g. Briefly describe the outcome of such Complaint (i.e. damages award, back pay award, restoration of employment, defendant's verdict, etc.);
> h. State whether or not such claimant is currently in your employ as of the date of your answer to this Interrogatory.

[DE 21, Ex. 2 p. 4-5].

Top Fitness objects to Interrogatory No. 4 arguing it is overly broad and unduly burdensome because the request is not limited to the store in Highland, Indiana, where Maller worked. On October 4, 2023, in a letter sent to Top Fitness, Maller narrowed the geographical region of this interrogatory to the "Chicagoland Area." [DE 21, Ex. 1]. Top Fitness answered that it was "not aware of any such claims or complaints from any employee, with the exception of Mr. Maller, from any store within the 'Chicagoland Area' as you refer to it since January 1, 2018, to present." [DE 21. Ex. 2 p. 5].

3

At the onset, the court must accept Top Fitness' representation that it is unaware of any claims or complaints within the Chicagoland Area during the time frame requested. Thus, Maller's motion with respect to Interrogatory No. 4 is **DENIED as moot**.

**B. Interrogatories Nos. 6 and 9**

Maller argues that he is entitled to company-wide information about Top Fitness' hiring practices and terminations from May 1, 2022, through the date of the interrogatories. According to Maller, the information is necessary "test the veracity of [Top Fitness'] claim that Maller lost his job in a [reduction in force] of one person" and the scope should be at least the "Chicagoland Area." [DE 21, p. 6-7]. Additionally, because Maller requested a transfer to a different Top Fitness store before he was terminated, Maller contends he is entitled to such discovery "to build his case of discrimination and to defeat any defense (e.g., the minireduction in force argument) that Top Fitness plans to make." [DE 21, p. 9]. In particular, Maller seeks the following information from Interrogatories 6 and 9:

> 6. Please provide the following information about each person hired by Top Fitness on or after May 1, 2022 to the present:
> a. Employee's date of birth;
> b. Employee's job title and the location the employee worked;
>
> 9. For the time period from May 1, 2022 to the present, please provide the following information with respect to each and every person whose employment with Defendant was involuntarily terminated, making certain to include the following:
> a. Name, last known address, last know telephone number and last known email address;
> b. Position held with the Defendant; and
> c. Beginning and ending dates of employment.
> d. State whether the person's position of employment was eliminated or whether the terminated employee was replaced with a new employee.

[DE #, p. #].

In response, Top Fitness argues that the information sought by Maller in Interrogatories Nos. 6 and 9 is overly broad, unduly burdensome, and not proportional to the needs of the case.

4

[DE 22, p. 6]. Top Fitness contends that Maller's request for "company-wide" information concerning topics of hiring and firing far exceeds the scope of the Highland store where Maller worked. *Id.* Consequently, Top Fitness limited its answers to Interrogatories Nos. 6 and 9 solely based on information for the store in Highland, Indiana. [DE 22, p. 7].

Top Fitness, a national retailer of home fitness equipment, has 27 stores in 10 states. [DE 22, p. 1]. The court finds that Maller's original request seeking information from all 27 Top Fitness stores was overly broad and not proportional to the needs of the case. That said, the individuals involved in Maller's termination included Brian Hudson (Regional Director), Barbara McDonald (Human Resources Director), and Scott Egbert (Top Fitness' owner), all of whom had authority over stores in the Chicagoland area, not just the store located in Highland, Indiana. Thus, Maller is entitled to information concerning the hiring and termination history from the Top Fitness stores under the authority of the decisionmakers directly involved in his termination. *See* **Imbro v. Forest River, Inc.**, 2022 WL 2914507, **4-5 (N.D. Ind. July 22, 2022) (compelling the defendant to provide information from all departments under the same direction as the supervisor at issue).

Accordingly, Top Fitness is **ORDERED** to provide Maller with the information sought from Interrogatories 6 and 9 insofar that it involves stores under the same direction and control of Hudson, McDonald, and Egbert, within 14 days of this order.

**C. Maller's Request For Production Nos. 13-16**

Through RFP Nos. 13, 14, 15 and 16, Maller seeks information generally relating to documents surrounding Top Fitness' hiring practices, termination data, and promotions from May 1, 2022, through December 31, 2022. [DE 21, p. 8]. More specifically, RFP 13 seeks all documents relating to the hiring of sales personnel; RPF 14 requests documentation about all

5

terminations during that period; RFP 15 seeks information about Top Fitness' advertisements and internal postings for open sales positions; and RFP 16 requests documentation and records of all personnel hired or promoted within Top Fitness, including pay roll records, job applications, and resumes.

Top Fitness broadly objects to the information sought, arguing that the information is "not relevant to the parties' claims or defenses and [] is not proportional to the needs of the case" because it seeks "documents pertaining to stores in which Maller was never employed." [DE 22, p. 8-9]. On these grounds, Top Fitness only produced information from the store in Highland, Indiana. Maller, in contrast, contends that he is entitled to the information because it directly pertains to his discrimination and retaliation claims.

Maller requested a transfer from the store in Highland to another facility in the Chicagoland area before he was terminated. The production of documents concerning who, if anyone, Top Fitness hired in the Chicagoland area around the time of his termination is relevant and discoverable. If Top Fitness hired younger, less experienced sales personnel during that time, it might help show that Top Fitness' rationale for Maller's termination was pretextual. Additionally, for the reasons provided in the analysis about Interrogatories 6 and 9, Maller is entitled to documentation concerning the hiring and firing practices of the decisionmakers involved in his termination. Top Fitness has not met its burden in showing that Maller's request for RFP's 13, 14 and 15 are improper or overly burdensome.

However, the court finds that Maller's RFP 16 seeking "all personnel records, hiring records, pay roll records, written job descriptions, job applications, resumes, printouts of emails, interview notes, records showing date of hire, records showing the individual's date of birth, and any other document showing any person hired or promoted to any job with Top Fitness" is

overbroad. Apart from the hiring records between May 1, 2022, through December 31, 2022, Maller has not adequately established a particularized need for the expansive materials requested in RFP 16. Since the hiring records from the Chicagoland area have already been covered in RFP 13, RFP 16 is moot.

Therefore, Top Fitness is **ORDERED** to respond only to RFP 13, 14 and 15, limited to the Chicagoland area from May 1, 2022, through December 31, 2022, with 14 days of this Order.

*Conclusion*

For the foregoing reasons, the Motion to Compel [DE 19] is **DENIED as moot** as to Interrogatory No. 4; **GRANTED** as to Interrogatory Nos. 6 and 9; **GRANTED** as to Requests for Production 13, 14, and 15; and **DENIED** as to Request for Production 16. Top Fitness is **ORDERED** to provide responses and pertinent documents to Maller within 14 days of this Order.

ENTERED this 22nd day of February, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge